UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:12CV2403 JCH |
| CROSSROADS RESTAURANT & LOUNGE, INC., et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss," ECF No. 8) and Motion to Strike Plaintiff's Prayer for Attorney's Fees in Count III for Conversion and for Investigative Costs ("Motion to Strike," ECF No. 10), both filed on February 22, 2013. Plaintiff filed responses to both motions. Defendants failed to file replies to Defendants' responses, and the time for replying has passed. See Local Rule 7-4.01(C). The Court will therefore rule on the record before it.

**BACKGROUND**[1]

Plaintiff Joe Hand Promotions, Inc., ("Plaintiff" or "Joe Hand") is a California corporation that purchased the exclusive nationwide television distribution rights to the *Ultimate Fighting Championship 123: Rampage Jackson v. Loyoto Machida* telecast, which took place on November 20, 2010 ("the Program"). (Complaint, ECF No. 1, ¶¶ 5, 9). Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Missouri, by which it granted these entities limited sublicensing rights,

---

[1] The facts in the Court's background section are taken directly from Plaintiff's Complaint. Defendants have not yet filed Answers to Plaintiff's Complaint.

including the rights to publicly exhibit the Program.  (Id., ¶ 10).  Defendant Crossroads Restaurant and Lounge, Inc. ("Defendant Crossroads"), is a limited liability company organized under the laws of the State of Missouri and doing business as Crossroads Steakhouse at 2 West School Street in Bonne Terre, Missouri.  (Id., ¶ 6).  Defendant Sharon Lynn Wilson ("Defendant Wilson") is an owner, operator, or person in charge of Crossroads Steakhouse.  (Id., ¶ 7).  Plaintiff alleges Defendant Crossroads and Defendant Wilson unlawfully exhibited the Program at Crossroads Steakhouse.  (Id., ¶ 12).

Plaintiff filed this action in this Court on December 31, 2012, on the basis of federal question jurisdiction under The Federal Communications Act of 1934, 47 U.S.C. § 553, and The Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 605.  Plaintiff's Complaint contains three counts: Count I alleges violation of § 605; Count II alleges violation of § 553; and Count III alleges conversion under Missouri law.  As noted above, Defendants filed their Motion to Dismiss and Motion to Strike on February 22, 2013.

**STANDARD**

**I.        Motion to Dismiss**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and

trial activity.  Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006).  As a practical matter, such dismissal should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint there is some insuperable bar to relief.  Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); see also 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1357, at 565 (3d ed. 2004) (stating that "relatively few complaints fail to meet this liberal standard and thereby become subject to dismissal" under Rule 12(b)(6)).

**II.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2]  Fed. R. Civ. P. 12(f).  "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous."  Simms, 2009 WL 943552 at *2 (internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" Airstructures Worldwide, LTD v. Air Structures Am. Techs. Inc., No. 4:09CV10, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (quoting Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).  "Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted."  Champion Bank v. Reg'l Dev., LLC, No. 4:08CV1807, 2009 WL

---

[2]"These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. Immaterial claims are those lacking essential or important relationships to the claim for relief. Impertinent claims are those that do not pertain to the issues in question." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480 ERW, 2009 WL 943552, at *2 n.3 (E.D.Mo. Apr. 6, 2009) (internal quotations and citations omitted).

1351122, at *4 (E.D.Mo. May 13, 2009) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)).

## DISCUSSION

I.      **Motion to Dismiss**

Defendant Wilson argues Plaintiff has failed to state claims against her in Counts I and II because Plaintiff has not pled enough facts to indicate that no distinction exists between her actions and Defendant Crossroads's actions. Additionally, both Defendants argue Plaintiff has failed to state claims against them in Count I because Plaintiff failed to allege that the event in question was transmitted interstate. Both Defendants also argue Plaintiff has failed to state claims against them in Counts I and II because Plaintiff failed to allege sufficient detail to give them fair notice of the claims against them. Finally, both Defendants argue Plaintiff has failed to state claims against them in Count III because the common law tort of conversion does not cover intangible property under Missouri law.

The Court finds Plaintiff has pled sufficient facts to show that Defendant Wilson was directly involved in the interception of the Program. See J & J Sports Productions, Inc. v. Scarato, No. 4:07CV2058, 2008 WL 2065195, at *2 (E.D. Mo. May 14, 2008); J & J Sports Productions, Inc. v. L & J Group, LLC, No. 09CV3118, 2010 WL 816719, at *2 (D. Md. Mar. 4, 2010). The Court also finds that Plaintiff's Complaint contains sufficient factual detail to put Defendants on notice of the claims against them. Finally, the Court finds Missouri law does not clearly prohibit conversion claims for intangible property. See Clayton X-Ray Co. v. Professional Sys. Corp., 812 S.W.2d 565, 567 (Mo. Ct. App. 1991) (finding conversion claim existed for "locking up" computer system and preventing access to the information contained in the system). In the absence of a Missouri case

directly addressing the viability of a conversion claim for the pirating of a broadcast signal, the Court will not dismiss Plaintiff's conversion claim in Count III.

The Court finds, however, that Plaintiff's failure to plead that the Program was transmitted interstate is fatal to Count I of Plaintiff's Complaint. See 47 U.S.C. § 605(a); Joe Hand Promotions, Inc. v. Sorota, No. 11-80985, 2012 WL 2414035, at *4 (S.D. Fla. June 26, 2012) ("Section 605(a) explicitly states that it governs only interstate communications and the Complaint fails to allege that the event took place in a different state from where it was shown."). Therefore, the Court dismisses Count I of Plaintiff's Complaint and grants Plaintiff until Friday, May 3, 2013, to correct this pleading deficiency.

## II.     Motion to Strike

Defendants argue Plaintiff's requests for attorney's fees in Count III and "investigative costs" in Counts I, II, and III should be stricken. Plaintiff does not oppose striking its request for attorney's fees in Count I but argues that "investigative costs" are recoverable under the statutory causes of action pled in Counts I and II. The Court finds investigative costs are appropriately recovered under the statutory causes of action pled in Counts I and II. See Kingvision Pay-Per-View Ltd. v. Autar, 426 F.Supp.2d 59, 67 (E.D.N.Y. 2006) (finding investigative costs included in "full costs" recoverable under The Federal Communications Act). Therefore, the Court dismisses Plaintiff's request for attorney's fees in Count I of Plaintiff's Complaint.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 8) is **GRANTED**. Plaintiff is granted until **Friday, May 3, 2013**, to file an amended complaint in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Prayer for Attorney's Fees in Count III for Conversion and for Investigative Costs (ECF No. 10) is **GRANTED** in part and **DENIED** in part in accordance with the foregoing.


Dated this 25th day of April, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE