UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12CV2403 JCH |
| | ) |
| CROSSROADS RESTAURANT &, | ) |
| LOUNGE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court in relation to Defendant Sharon Lynn Wilson's ("Wilson") Motion for Summary Judgment. (ECF No. 28). The matter has been fully briefed and is ready for disposition.

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") is the owner of "exclusive commercial exhibition licensing rights to: *Ultimate Fighting Championship 123 : Rampage Jackson v. Lyoto Machida* telecast, which took place on November 20, 2010 (hereinafter the 'Program')." (Plaintiff Memorandum in Opposition to Summary Judgment, ECF No. 31, ("JH Response"), at 6). Joe Hand alleges that without obtaining a commercial license, Wilson and Defendant Crossroads Restaurant & Lounge ("Crossroads") publicly displayed the Program. (Amended Complaint, ECF No. 17, ¶ 3). Wilson is the President of Crossroads and appears from the record to have other official roles. (Wilson Reply to JH Response, ECF No. 32, ("Wilson Reply"), at 1-2; JH Response at 5-6). Wilson maintains, however, that she had very little involvement in the day-to-day operation of Crossroads, that she was not present at Crossroads when it allegedly intercepted and aired the Program, and that she had no knowledge of the fact that the Program

had been aired at Crossroads. (Wilson Affidavit, ECF No. 30-1, at 1-2). Joe Hand has not presented any facts to contradict Wilson's assertions, but it has presented facts that tend to confirm Wilson's official roles at Crossroads. (JH Response at 2-6).[1]

On December 31, 2012, Joe Hand filed a Complaint against Wilson and Crossroads. (ECF No. 1). That Complaint was dismissed without prejudice on April 25, 2013, and Joe Hand was given an opportunity to amend its pleadings so it could overcome deficiencies in the Complaint. (ECF No. 16). Joe Hand subsequently filed its Amended Complaint on May 23, 2013. (ECF No. 17). The Amended Complaint contains three counts: (I) unauthorized publication or use of the Program in violation of 47 U.S.C. § 605; (II) unauthorized interception, exhibition, publication, and divulgence of the Program in violation of 47 U.S.C. § 553; and (III) tortious conversion of the Program.[2] (Amended Complaint, ¶¶ 13-14, 18-19, 23). The Counts are all directed the actions of the "Defendants" collectively. *Id.* Wilson filed this Motion for Summary Judgment on January 30, 2014. (ECF No. 28).

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law determines "which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Id.* In passing on a motion for summary judgment, the Court must view the facts in

---

[1] Joe Hand argues that Wilson's affidavit is "self-serving" and "cannot be sufficient to satisfy an initial burden on summary judgment." (JH Response at 9). This argument is unpersuasive considering that movants can satisfy their burden on summary without an affidavit. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("claimants and defendants, respectively, may move for summary judgment '*with or without supporting affidavits*'" (emphasis in original)).
[2] On July 12, 2013, the Court struck a portion of Count III of the Amended Complaint that requested attorney's fees and investigative costs. (ECF No. 25).

the light most favorable to the nonmoving party, and all "justifiable inferences" are to be drawn in its favor. *Id.* at 255. Ultimately, the Court's function is not "to weigh the evidence . . . but to determine whether there is a genuine issue for trial. *Id*. at 249. A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. 317, 323 (1986). Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of *some* alleged factual dispute." *Anderson*, 477 U.S. at 247 (emphasis in original). The nonmoving party "may not rest upon mere allegations or denials of its pleadings." *Id.* at 248 (internal citations omitted).

## DISCUSSION

*I. Statutory Claims*

Counts I and II of the Amended Complaint allege that Wilson is liable under 47 U.S.C. § 605(a) and 47 U.S.C. § 553(a)(1), both of which prohibit cable piracy. Counts I and II do not distinguish between Wilson's actions and Crossroads's actions. (Amended Complaint, ¶¶ 12-16, 18-21 (making allegations only against the "Defendants")). The Amended Complaint thus appears to allege that Wilson is liable both for her own actions and for Crossroad's actions. To determine whether an individual can be held liable under §§ 605(a) and 553(a)(1) for the actions of a corporation, the Eighth Circuit uses a "no distinction" standard. *See Comcast of Illinois X v. Multi-Vision Electronics, Inc.*, 491 F.3d 938, 947 (8th Cir. 2007). Under that test, "a plaintiff must show that there exists 'no distinction' between the individual's actions and that of his

corporation." *Joe Hand Promotions, Inc. v. Sharp*, 885 F. Supp. 2d 953, 956 (D. Minn. 2012) (citing *Comcast*, 491 F.3d at 947).

There is insufficient evidence in the record to support the allegation that Wilson is liable for violating the sections cited above. Joe Hand has not produced a single fact to support the theory that Wilson played a part in the alleged illegal broadcast of the Program. There is therefore no genuine issue for trial as to whether Wilson herself violated either § 605(a) or § 553(a)(1).

Nor has Joe Hand presented sufficient evidence that Wilson can be held liable under those sections for Crossroads's actions. Joe Hand has pointed to evidence in the record that Wilson is the President of Crossroads and has a few other official roles. (JH Response at 5-6). But there is nothing to suggest that Wilson knew about the alleged illegal broadcast of the Program or had any other knowledge of the day-to-day activities at Crossroads. *Cf. Comcast*, 491 F.3d at 947 (finding a sole owner liable for the illegal acts of his corporation where "[h]is deposition testimony demonstrate[d] that he knew of the uses and features of the cable boxes Multivision sold, was intimately familiar with how cable services function, and was involved in setting company policy"). The facts adduced by Joe Hand therefore create no genuine issue for trial, and Wilson is entitled to summary judgment on Counts I and II.

*II. Conversion Claim*

Count III of the Amended Complaint alleges that Wilson should be held liable for conversion. As in Counts I and II, the allegations in Count III do not distinguish Wilson and Crossroads, referring instead to the "Defendants" in the collective. (Amended Complaint, ¶¶ 23-25). To survive summary judgment Joe Hand must therefore show that a genuine issue exists for

trial as to whether Wilson herself committed conversion or whether Wilson could be held liable for Crossroads's alleged conversion.

"Conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Kennedy v. Fournie*, 898 S.W.2d 672, 678 (Mo. Ct. App. 1995). To succeed in a conversion suit in Missouri, a plaintiff must prove three elements: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession." *JEP Enterprises, Inc. v. Wehrenberg, Inc.*, 42 S.W.3d 773, 776 (Mo. Ct. App. 2001).

There are two theories under which a corporate officer can be personally liable for the actions of a corporation under Missouri law. *Saidawi v. Giovanni's Little Place, Inc.*, 987 S.W.2d 501, 504-05 (Mo. Ct. App. 1999). Under an "alter ego" theory, "'when a corporation is so dominated by a person as to be a mere instrument of that person and is indistinct from the person controlling it, then the court will disregard the corporate form if to retain it would result in injustice.'" *Id.* (citing *Edward D. Gevers Heating & Air Conditioning Co. v. R. Webbe Corp.*, 885 S.W.2d 771, 773 (Mo. Ct. App. 1994)). Under a "piercing the corporate veil" theory, "a plaintiff must meet a two part test: first, the corporation must be controlled and influenced by persons or another corporation; second, evidence must establish that the corporate cloak was used as a subterfuge to defeat public convenience, to justify a wrong, or to perpetrate a fraud." *Id.* (internal citations omitted).

Joe Hand cannot survive a summary judgment motion on his conversion claim against Wilson. Again, no fact in the record demonstrates that Wilson herself had anything to do with the alleged cable piracy. The only evidence Joe Hand has presented is that Wilson was an officer

of Crossroads on the date it allegedly displayed the Program. This is insufficient to show that Crossroads was a "mere instrument" of Wilson or "that the corporate cloak was used as a subterfuge" for nefarious purposes.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sharon Lynn Wilson's Motion for Summary Judgment (ECF No. 28) is **GRANTED**, and Plaintiff Joe Hand's claims against her are **DISMISSED WITH PREJUDICE**. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 10th day of March, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE